

Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway | New York, NY 10036-4039 | tel 212.858.1000 | fax 212.858.1500

Edward Flanders
tel: +1.212.858.1638
edward.flanders@pillsburylaw.com

November 16, 2018

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *C. Michael Martell v. Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, et al*; Civil Action No. 1:18-CV-09692

Dear Judge Ramos:

My firm represents defendants Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, Robert Stephen Cohen and Shannon R. Simpson (together, "Defendants") in the above-referenced action, brought by Plaintiff against the lawyers who represented his former wife in their divorce, which was settled by agreement on April 10, 2015. Pursuant to the Court's motion practice rules and Fed. R. Civ. P. 12(b)(6), Defendants submit this letter to request a pre-motion conference in anticipation of filing a motion to dismiss for Plaintiff's failure to state a claim.

## BACKGROUND

Plaintiff filed this action on October 22, 2018, alleging that Defendants violated N.Y. Judiciary Law § 487 during their representation of Plaintiff's former wife in her action to divorce Plaintiff. Plaintiff alleges that Defendants filed an affirmation in support of his former wife's application to extend the time for service of the complaint and misled the Court as to the rationale for the extension. Plaintiff goes on to allege that this resulted in his loss of $500,000 under the terms of the pre-nuptial agreement.

Honorable Edgardo Ramos
November 16, 2018
Page 2

Plaintiff raised these precise allegations in the divorce proceeding and sought the exact same relief, *i.e.*, payment under the pre-nuptial agreement of $1 million as opposed to $500,000, and attorneys' fees. Plaintiff then withdrew these allegations "*with prejudice*". Mr. Martell subsequently and expressly settled all issues that were or could have been raised in the divorce action pursuant to the parties' settlement agreement.[1]

Plaintiff attempts to resurrect these allegations in the present action, in direct contravention of New York law and Second Circuit authority. Accordingly, Plaintiff fails to state a claim upon which relief can be granted and his complaint should be dismissed.

### APPLICABLE LEGAL STANDARD AND DISCUSSION

A court should grant a motion to dismiss where the plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims that lack an arguable basis in law warrant dismissal under Rule 12(b)(6). *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

Plaintiff's claim lacks an arguable basis in law. New York law is clear that Plaintiff's claim under N.Y. Judiciary Law § 487 cannot be brought in this action; rather, his remedy lay in the action where the alleged misconduct occurred. *See Seldon v. Bernstein*, 503 F. App'x 32, 33 (2d Cir. 2012). As this Court recently found, "[d]istinct from the doctrines of claim or issue preclusion, New York law requires that claims under Section 487 be brought in the underlying action where the attorney misconduct occurred." *Oorah, Inc. v. Kane Kessler, P.C.*, No. 17 CIV. 7175, 2018 WL 3996930, at *4 (S.D.N.Y. Aug. 21, 2018). *See also Appel v. Schoeman Updike Kaufman Stern & Ascher L.L.P*, No. 14-CV-2065, 2015 WL 13654007, at *10 (S.D.N.Y. Mar. 26, 2015). The complaint cites one case, *Amalfitano v. Rosenberg*, to support Plaintiff's claim. The Second Circuit, albeit in an unpublished opinion, explicitly distinguishes this case, explaining that *Amalfitano* did not "disavow[] precedent instructing that 'a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for

---

[1] Plaintiff's complaint specifically refers to the stipulation wherein Plaintiff withdrew these allegations (Compl. ¶ 107), and the parties' settlement of their claims (*id.* ¶¶ 108-111). The Findings of Fact and Conclusions of Law (at page 6) issued by the court in the divorce action states that "[a]ll issues existing between the parties have been resolved…" in accordance with the parties' settlement agreement. The Court, therefore, is permitted to consider both the stipulation (annexed hereto as Exhibit 1) and the Findings of Facts and Conclusions of Law (annexed hereto as Exhibit 2) when adjudicating Defendants' motion to dismiss. When "considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010); *see also Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 247 (2d Cir. 2018); *Jones v. Halstead Management Co., LLC*, 81 F. Supp. 3d 324 (S.D.N.Y. 2015).

Honorable Edgardo Ramos
November 16, 2018
Page 3

damages' against opposing counsel under § 487." *Seldon*, 503 F. App'x at 33. Not only *should* this claim have been raised in a prior action, it in fact *was raised* in that action and then voluntarily withdrawn by Plaintiff.

Plaintiff's claim also lacks an arguable basis in law because it is barred under the doctrine of res judicata, which applies "where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *In re Hunter*, 4 N.Y.3d 260, 269 (N.Y. 2005). The precluded claim need not have been actually litigated. *See EDP Medical Computer Systems, Inc. v. U.S.*, 480 F.3d 621, 626 (2d Cir. 2007). Rather, "the party against whom the doctrine is asserted [must have] had a full and fair opportunity to litigate the claim." *Id.* Plaintiff in fact availed himself of such "full and fair opportunity" in the divorce proceeding, and then withdrew his claim *with prejudice*. Courts have held that "a voluntary dismissal with prejudice is an adjudication on the merits for res judicata purposes." *Gropper v. 200 Fifth Owner LLC*, 151 A.D.3d 635, 635 (1st Dep't 2017); *see also Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

In the complaint, Plaintiff asserts the same claim and requests for relief that he asserted and then withdrew, with prejudice, in the divorce proceeding. The claim that Plaintiff asserts, and relief that he seeks, was thus already decided on the merits for purposes of res judicata and, therefore, is barred.

### CONCLUSION

Based on the foregoing, Defendants have meritorious arguments in support of a motion to dismiss. Indeed, Plaintiff's claim is frivolous.[2] Defendants respectfully request a conference to discuss the grounds for its motion to dismiss in greater detail and, if necessary as a result of Plaintiff refusing to withdraw his frivolous action and with the Court's permission, to proceed in filing this motion.

Respectfully,

Edward Flanders

cc: William S. Beslow (via CM/ECF)

---

[2] Earlier today, I served a letter upon Plaintiff's counsel, William S. Beslow, pursuant to Rule 11 of the Federal Rules of Civil Procedure, inviting Plaintiff to voluntarily discontinue this action with prejudice before Defendants move for sanctions. If Plaintiff does not withdraw this action, I will request a pre-motion conference for Defendants' proposed motion for sanctions against Plaintiff, Plaintiff's counsel, and counsel's law firm for filing a lawsuit that is not warranted by existing law nor any nonfrivolous argument for the extension, modification, or reversal of existing law.